UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RONY BEAUGE & CHRISTINA ESCOURSE,

          Plaintiffs,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL KELLY, tax # 935104, DETECTIVE JARED
TEPPERMAN, tax # 937618, SERGEANT
CHRISTOPHER OWEN, shield # 3649, DETECTIVE
VINCENT HOOSACK, shield # 3958, DETECTIVE
FRANK BLEIER, shield # 729, SERGEANT JOSEPH
DUNNE, shield # 2657, DETECTIVE CHARMAIN
PIERRE, shield # 7420, POLICE OFFICER VICTOR
ROSARIO, shield # 31001,

          Defendants.

**FIRST AMENDED COMPLAINT**

10 CV 4540 (SLT)(CLP)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

   1.  Plaintiffs bring this civil rights action against the City of New York and several New York City Police Officers employed in Narcotics Borough Queens alleging that the defendants violated their rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York State law.  On April 9, 2010, at plaintiffs' residence in Queens, defendants falsely arrested plaintiffs, used unreasonable force on them, made false allegations about them to the Queens County District Attorney's Office and left their apartment open and unlocked resulting in a loss of their property.  Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York State law claims of false arrest, assault, battery and negligence.

4. With respect to plaintiffs' state law claims, notices of claim were duly filed with the City of New York within 30 days of the arrests of plaintiffs, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiffs' state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiffs are residents of Queens, New York. At the time of the incident, plaintiff Escourse was employed as a security guard.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Michael Kelly, Detective Jared Tepperman, Sergeant Christopher Owen, Detective Vincent Hoosack, Detective Frank Bleier, Sergeant Joseph Dunne, Detective Charmain Pierre and Police Officer Victor Rosario are New York City Police Officers assigned to Narcotics Borough Queens who were involved in the arrests of plaintiffs and the events arising out of plaintiffs' arrests. These officers were acting under color of state law and in

their capacities as New York City Police Officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiffs from unconstitutional conduct. The officers are sued in their individual capacities.

**STATEMENT OF FACTS**

9. On April 9, 2010, plaintiffs were tenants of a single bedroom inside a house located at 118-35 199th Street in Queens.

10. The owner of the home, Disheik Johnson, rented rooms in the home to several individuals.

11. Plaintiffs' rent was $170 per week.

12. Plaintiffs did not have access to any of the other rented bedrooms in the home.

13. On April 9, 2009, at approximately 10:30 p.m., plaintiff Beauge was in his room watching a basketball game.

14. At or about the same time, Escourse was walking up to the house after purchasing food at a local store.

15. At the above time and place, some of the named defendants and possibly other unidentified New York City Police Officers employed in Narcotics Borough Queens entered the home to execute a search warrant.

16. Neither plaintiff was a target of the search warrant.

17. Plaintiffs had no knowledge of any illegal drugs or weapons in the home, drugs or weapons were not located in their room and no drugs or weapons were located in the common areas of the home.

18. Several police officers broke down the door to plaintiffs' bedroom and ordered plaintiff Beauge to get on the floor.

19. Before Beauge could comply with the officers' orders, one officer seized Beauge and slammed him onto the floor thereby injuring plaintiff's shoulder.

20. A second officer thrust his knee into Beauge's back and handcuffed him excessively tight causing pain to plaintiff's lower back and wrists.

21. At the front door, other officers seized plaintiff Escourse at gunpoint from behind as she stood on the front stoop of the location.

22. One officer grabbed Escourse's arm, slammed her body into the first floor apartment door and handcuffed her excessively tight causing swelling, bruising and pain to her arm, face, chest and wrists.

23. After Officer Kelly and a team of officers from Narcotics Borough Queens secured the premises at 118-35 199th Street, they arrested plaintiffs and other individuals including Shanese Stewart, Disheik Johnson, Michael Perry, Oneil Jackson, Shante Wiggins, Marcus Levine, Narema Screven and Shanell Richardson.

24. Detective Tepperman and other Narcotics Borough Queens officers allegedly found marihjuana, drug paraphernalia, weapons and ammunition in the aforesaid premises.

25. The marihuana, drug paraphernalia, weapons and ammunition were not in plain view.

26. Plaintiffs did not know that there was marihuana, drug paraphernalia, weapons, and ammunition in the premises, they did not have access to the contraband and they did not have actual or constructive possession of the contraband.

4

27. Although plaintiffs had not committed any crime, Officer Kelly, Detective Tepperman, and other officers of Narcotics Borough Queens decided to arrest plaintiffs.

28. The officers transported plaintiffs to the 113th Precinct located in Queens.

29. While plaintiffs were held in the precinct, they were deprived of water, use of bathroom facilities and use of a telephone.

30. While plaintiffs were confined in the precinct, Officer Kelly, Detective Tepperman and other officers, pursuant to an agreement amongst themselves, prepared police reports falsely charging plaintiffs with various drug and weapons related charges.

31. Thereafter, officers brought plaintiffs to Brooklyn Central Booking where Officer Kelly, Detective Tepperman and officers, pursuant to an agreement amongst themselves, misrepresented to an Assistant District Attorney that plaintiffs were found in possession of drugs and weapons.

32. The aforesaid misrepresentations led to plaintiffs being charged with Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, Criminally using Drug Paraphernalia in the Second Degree (two counts), Criminal Possession of Marihuana in the Fourth Degree and Criminal Possession of a Weapon the Fourth Degree.

33. Plaintiffs were arraigned in Criminal Court, Queens County, on or about April 11, 2010.

34. The judge set bail on plaintiff Beauge in the amount of Twenty Thousand Dollars ($20,000) and on plaintiff Escourse in the amount of Seven Thousand Five Hundred Dollars ($7,500).

35. Plaintiffs were unable to post bail, were brought to Rikers Island Correctional Facility and remained in custody until April 15, 2010.

36. On April 15, 2010, the criminal charges against both plaintiffs were adjourned in contemplation of dismissal.

37. Upon plaintiffs' return to their residence, they found that the officers had not secured the door to their room, which the officers had damaged during the execution of the search warrant.

38. Numerous items of personal property were missing, including a laptop computer, clothing, jewelry, a bed set, a PSP GO video game, a Playstation video game with twenty-five (25) games, two (2) wireless Xbox remote controls, a HDMI cord for a laptop computer, a HDMI cord of Xbox, and a stereo

39. Plaintiffs suffered damages as a result of defendants' actions. Plaintiffs suffered a loss of liberty, pain and bruising, emotional distress, mental anguish, fear, anxiety, humiliation, embarrassment and a loss of personal property. Plaintiff Escourse, who was employed as a security guard at the time of her arrest, also suffered a loss of wages when her employment was terminated due to the arrest. Both plaintiffs were incarcerated for a period of six days.

## **FIRST CLAIM**
### **(FALSE ARREST UNDER FEDERAL LAW)**

40. Plaintiffs repeat the foregoing allegations.

41. Plaintiffs did not commit a crime or violation on April 9, 2010 and no police officer observed plaintiffs acting in a manner that day which gave rise to probable cause.

6

42. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

43. Plaintiffs repeat the foregoing allegations.

44. Plaintiffs did not commit a crime or violation on April 9, 2010 and no police officer observed plaintiffs acting in a manner that day which gave rise to probable cause.

45. Accordingly, defendants are liable to plaintiffs under New York State law for false arrest.

## THIRD CLAIM

### (UNREASONABLE FORCE UNDER FEDERAL LAW)

46. Plaintiffs repeat the foregoing allegations.

47. Defendants' use of force upon plaintiffs or their failure to intervene was objectively unreasonable and caused plaintiffs pain and injury.

48. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for using unreasonable force.

## FOURTH CLAIM

### (FABRICATION OF EVIDENCE UNDER FEDERAL LAW)

49. Plaintiffs repeat the foregoing allegations.

50. Police Officer Michael Kelly and Detective Jared Tepperman, pursuant to an agreement with each other and with the team of officers from the Narcotics Borough Queens, maliciously commenced a bogus prosecution against plaintiffs by misrepresenting to the Queens County District Attorney's Office that plaintiffs were observed possessing marijuana and weapons.

51. Defendants' misrepresentation deprived plaintiffs of their liberty.

52. Accordingly, defendants are liable to plaintiffs under the Sixth Amendment for fabrication of evidence and denying plaintiffs a fair trial.

## FIFTH CLAIM

### (ASSAULT UNDER STATE LAW)

53. Plaintiffs repeat the foregoing allegations.

54. Defendants' acts of beating, searching, and handcuffing plaintiffs placed plaintiffs in fear of imminent harmful and offensive physical contacts.

55. Accordingly, defendants are liable to plaintiffs under New York State law for assault.

## SIXTH CLAIM

### (BATTERY UNDER STATE LAW)

56. Plaintiffs repeat the foregoing allegations.

57. Defendants' acts of beating, searching and handcuffing plaintiffs were offensive and nonconsensual physical contacts.

58. Accordingly, defendants are liable to plaintiffs under New York State law for battery.

## SEVENTH CLAIM

### (NEGLIGENCE UNDER STATE LAW)

59. Plaintiffs repeat the foregoing allegations.

60. Defendants' acts of damaging the door and lock which secured plaintiffs' room and personal property and leaving plaintiffs' room unsecured after taking plaintiffs to the precinct caused the loss of plaintiffs' personal property.

61. Accordingly, defendants are liable to plaintiffs under New York State law for their negligence.

## EIGHTH CLAIM

## (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

62. Plaintiffs repeat the foregoing allegations.

63. Defendants were acting within the scope of their employment as New York City Police Officers when they falsely arrested and assaulted and battered plaintiffs and negligently left their room unsecured after taking them to jail.

64. The City of New York is therefore vicariously liable to plaintiffs under New York State law for the aforesaid torts.

## NINTH CLAIM

## (MONELL CLAIM AGAINST THE CITY OF NEW YORK)

65. Plaintiffs repeat the foregoing allegations.

66. The City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiffs.

67. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

68. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as this Court may deem just and proper.

DATED:    March 18, 2011
                Brooklyn, New York

/s/
_____
IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 855-4835